## JOHN M. YOUNG v. THE STATE.

*No. 3787.    Decided October 28.*

1. **Indictment—Theft—Allegation of Ownership—Name of Injured Party.**
It is a general rule with regard to indictments for theft that the allegation of owner-
ship, as well as the name of the owner of the property stolen, being descriptive of the
offense, must be proved as alleged.

2. **Same.** — Where the name of the owner of the stolen horse was alleged to be
Jesus Garcia, and the injured party himself testified, "My name is Jesus Bascus.    I
was born and raised in Mexico.    My father's name is Jesus Garcia and my mother's
name was Bascus, and my name is Jesus Garcia Bascus," and it was shown that he was
not commonly known by either surname, *held*, that there was no variance; that the in-
dictment sufficiently alleges the surname or family name when it alleges the name of
the father, that being the proper surname in this country.

3. **Motion for New Trial—Newly Discovered Evidence.** — Where the main
inculpatory evidence was that of an accomplice, who testified that the animal was
stolen on Sunday night, but the owner testified that he had fed his horse on Monday
morning, and that two other Mexicans, whom he named, were present at the time;
and other evidence tended to show that if defendant did not steal the horse on Sunday
night he could not have stolen him afterward, *held*, that the court erred in overruling
defendant's motion for a new trial based upon the newly discovered evidence of these
two Mexicans who saw the owner feed his horse on Monday morning, and of whose
evidence he was ignorant until he heard the owner testify they were with him on Mon-
day morning when he fed the horse.

APPEAL from the District Court of Gonzales.    Tried below before
Hon. George McCormick.

Appellant was prosecuted for theft of a horse, and appeals from a
judgment of conviction with penalty assessed at five years in the pen-
itentiary.    A statement of facts is not necessary to an understanding
of the rulings of the court.

*Glass & Burgess*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—It is a general rule with regard to in-
dictments for theft that the allegation of ownership of the stolen prop-
erty, being descriptive of the offense, must be proved as alleged. This
applies especially to the allegation of the name of the injured party.
Our statute expressly provides, that in alleging the name of any person
necessary to be stated in an indictment it shall be sufficient to state one
or more of the initials of the Christian name and the surname, but when
a person is known by two or more names it shall be sufficient to state
either name.    Code Crim. Proc., art. 425.    The name of the alleged
owner of the stolen animal, as stated in the indictment in this·case, is
Jesus Garcia.    Defendant endeavored to show that this was not the

true surname of the owner, and that the prosecution must necessarily fail on account of such fatal variance in the name of the owner as alleged and that proved.

In brief, the evidence upon this point was, that the owner, who was a witness, testified: "My name is Jesus Bascus. I was born and raised in Mexico. My father's name is Jesus Garcia and my mother's name was ——— Bascus, and I took my mother's name Bascus, and my name is Jesus Garcia Bascus." It was proved by other witnesses in the case that the owner, when rendering his property for taxes, had rendered it in the name of Jesus Garcia; that his name had been entered by a party who hired him, in a book which contained a list of the hands, as Jesus Garcia; and that upon the morning of the day of the trial he told the district judge who presided at the trial that his name was Jesus Garcia. The further evidence as to the other name was the introduction by the defendant of a bill of sale from one Carson to him (Garcia) for the horse in question, in which his name is stated to be Kasus Baskes. This bill of sale has no date to it, and there is no evidence tending to show when it was executed. Other evidence in the case shows that the party had owned and been in possession of the horse for some time prior to the theft. All the witnesses who testified in the case as to the name of the owner stated that they did not know what his surname was; they only knew him by his Christian name Jesus. As to the two surnames, it seems the party was not known either by one or the other. The indictment alleged his surname as that of his father, while the party himself claimed, in addition to his Christian name, the surnames both of father and mother. He was not commonly known or called by either name. We think the indictment sufficiently alleges the surname or family name when it alleges the name of the father, that being the proper surname in this country in contemplation of law. Upon this point, from the facts shown in the record, we are of opinion that there is no variance between the name of the owner as alleged in the indictment and that proved on the trial.

The principal inculpatory evidence against this defendant was that of an accomplice, one Bradley, who testified that the animal was stolen on Sunday night, and all of the circumstances testified by other witnesses tending to corroborate the accomplice's testimony relate in the main to facts and circumstances which transpired on said Sunday night. The owner of the alleged stolen animal, in his testimony, states that he fed his horse on Monday morning, and that that was the last time that he saw him. In this connection he also testified, that there were two other Mexicans, whom he named, who were present at the time, and saw him feed the horse on Monday morning. Other evidence in the case tends to show that if defendant did not steal the horse on Sunday night he was not and could not have been the party who stole him afterward. In his motion for a new trial one of the grounds in the mo-

tion was newly discovered evidence, to-wit, the newly discovered evidence of the two Mexicans who were present with Garcia and saw him feed the horse on Monday morning, which evidence he alleges he knew nothing of, and could have known nothing of, until he heard Jesus Garcia, the owner of the horse, testify on the trial that they were with him on Monday morning at the time he fed the horse. We are of opinion, under the circumstances, that defendant was entitled to a new trial in order to obtain this testimony, and that the court erred in overruling the motion, in so far as it was based upon this ground. The judgment must be reversed on account of this error.

*Reversed and remanded.*

Hurt, J., absent.