## J. E. Tracy v. The State.

No. 3025.   Decided March 8, 1905.

**1.—Selling Liquor to Minor—Variance—Name of Injured Party.**

Where the information charged defendant with a sale of intoxicating liquor to A. B. Blake, such allegation was not supported by evidence of a sale to Burt Blake, unless it was shown that these names represent the same person.

**2.—Same—Local Option Suspends Law of Sale to Minors.**

Where the evidence showed that prohibition was in force in the town where the transaction occurred, it was error on part of the court to charge the jury to convict the defendant either for selling or giving intoxicating liquor to the alleged minor, as the defendant could not be guilty of violating the statute with reference to selling intoxicants to minors where local option is in force.

**3.—Same—Minority Must be Known or Reasonably Appear.**

If it was shown on a trial for knowingly giving intoxicating liquor to a minor, the defendant gave the whisky to the minor without knowing or having reasonable ground to believe he was under 21 years of age, he was not guilty of such offense.

**4.—Same—Statute Construed.**

If defendant sold whisky in a local option town to a minor he could only be prosecuted for a violation of the local option law; if he gave the whiskey to a minor, he could only be prosecuted for a violation of the statute forbidding the giving of intoxicating liquor to a minor.

Vol. 48 Crim.—4.

Appeal from the County Court of Donley.   Tried below before Hon. George F. Morgan.

Appeal from a conviction of knowingly selling and giving intoxicating liquor to a minor; penalty, a fine of $25.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JNDGE.—Appellant was charged in the ordinary form of indictment with selling and giving and causing to be given intoxicants to a minor, without the written consent of the parent or guardian.   The information charges the sale to A. B. Blake.   The evidence fails to disclose the name of the alleged purchaser or receiver of the intoxicants to be A. B. Blake.   The witnesses speak of defendant letting Burt Blake have intoxicants.   A witness by the name of Burt Blake testified that he got the intoxicants from appellant.   There is no testimony showing A. B. Blake and Burt Blake to be the same party. Burt Blake testified that he went into the restaurant of appellant, where he was boarding and told him he was feeling bad, and wanted some intoxicants.   Appellant had none, but informed witness somebody had sent him some whisky, which was at the express office; that he would get it and give him a bottle.   Appellant subsequently brought the whisky from the express office.   Burt Blake testified that he got the bottle of whisky and laid a dollar on the table.   It was shown by appellant himself that he got this dollar.   Blake testified further that he weighed 157 pounds, was five feet eleven inches tall, and shaved every other day. It was shown that he was regarded in the community as being 21 years of age by most of the witnesses who testified; and that Blake had himself informed certain billiard-hall owners and keepers that he was over 21 years of age.   With the exception of one witness all witnesses testified that he had the appearance of being over 21.   Appellant testified he believed him to be over 21; that he gave the whisky to Blake, that he took the dollar, put it in the drawer and credited it on Blake's board account with him.   This was also testified to by another witness.   Appellant testified that prohibition was in effect in the town where this transaction occurred.   This is a rather terse but a substantial statement of the case.

The court submitted to the jury, both the selling and giving of intoxicants, authorizing a conviction for either.   This was error.   If appellant sold the whisky to Blake, it would not be in violation of the statute prohibiting the selling to minors, because local option was in force. Atkinson v. State, 9 Texas Ct. Rep., 756.   A party cannot violate the statute with reference to selling intoxicants to minors where local option is in force.   Bob Stephens v. State, Feb. 22, 1905.   The jury may have convicted for the sale and not the gift.   If appellant gave the whisky to the minor, without knowing or having reasonable ground to believe he

was under 21 years of age, then he was not guilty. The great preponderance of the evidence shows that appellant had all the appearance of being over 21, and was so regarded in that neighborhood. Upon another trial, if it is desired to prosecute this party for selling, it must be under the local option law. If it is desired to prosecute him for giving to a minor, it must be under the statute on which this prosecution is based.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.