### C. M. Wolf v. The State.

#### No. 3049.  Decided March 15, 1905.

**Local Option—Time of Offense—Allegation—Proof.**

Where in à local option case the time of the alleged sale was laid on the 6th day of February, 1904, and the indictment returned on the 13th day of that month and year, the evidence should have been sufficiently definite to' show that the sale occurred before the indictment was returned, and the general statement of State's witnesses that it occurred in. the spring of 1904 is not definite enough to date back and cover a sale on the 6th of February, 1904, and before the indictment was returned.

Appeal from the County Court of Rockwall. Tried below before Hon. E. D. Foree.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Kearby & Kearby,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Bogle v. State, 42 Texas Crim. Rep., 389.

DAVIDSON, Presiding Judge.—Conviction of violating the local option law; fine imposed being $25 and twenty days confinement in the county jail. The indictment charges that appellant on February 6, 1904, sold whisky in a local option territory to one Jake Harris. The territory is described as justice's precinct number one of Rockwall County. The alleged purchaser, Harris, testified that he had known appellant for several years, and saw him "in the town of Rockwall sometime in the spring of 1904. I told him that I.had been informed he was taking orders for some liquor company. He said he would take my order if I wanted some whisky. I offered to give defendant the money ($3) for one gallon of whisky. He said he would not take the money, but I could get a post-office money order. I went to the post-office and got a money order for $3, which was

payable to some liquor company; don't remember the name of the company; think it was Hirsh Liquor Company, or something like that. The order was not payable to C. M. Wolf. I gave said money order to defendant. He said he would have the whisky sent out to me by express to Rockwall in a few days. After this I received by express one jug of whisky, the charges prepaid." Witness Bowles testified that he lived in Rockwall; saw defendant there sometime in the spring of 1904. Had a conversation with him, in which "I remarked I had been informed he was soliciting orders for a whisky house. He told me he would take my order if I wanted some whisky. I told him I wanted some and offered to pay him the money. He declined to take the money. I got a post-office money order and gave him, at his suggestion. A gallon of whisky was sent me by express in a few days. This order was not payable to appellant, but to some liquor company, the Hirsh Liquor Company, or some name like that. I purchased no liquor from Wolf." Both witnesses testified that they did not get any whisky from appellant. The above is a statement of the facts. It is contended that the evidence is not sufficient to support the conviction. We believe this contention is correct. In the first place this sale was alleged to have been on the 6th of February. The indictment was returned on the 13th of February. The evidence shows that the sale was made "sometime in the spring of 1904." The evidence should have been definite enough to show that the sale occurred before the indictment was returned on the 13th of February. The general statement that it was in the spring of 1904 is not sufficiently definite to date back and cover a sale on the 6th of February, 1904. Matters of this sort should be proved. It is necessary to show that the transaction set up in the indictment occurred before the indictment was returned by the grand jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.