SYLVESTER BROWN v. THE STATE.

No. 4338.	Decided March 20, 1908.

**1.—Assault with Intent to Murder—Indictment—Injured Party.**

Upon trial for assault with intent to murder, where the indictment alleged the name of the injured party who was an unpardoned ex-convict, and who was not permitted to testify, and the evidence did not show as to what the name of the injured party was, the conviction could not be sustained. Following Young v. State, 30 Texas Crim. App., 308.

**2.—Same—Name of Injured Party—Bill of Exceptions.**

Where upon trial for assault with intent to murder, the name of the assaulted party was not proved as alleged, the bill of exceptions referring to the identification of said assaulted party, could not be considered on appeal.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment alleges an assault to murder by appellant upon Isabella Applewhite. The alleged injured party, by reason of being an unpardoned ex-convict, was not permitted to testify. The witness Harper (only witness in the case) testified he did not know the name of the injured party, and there is no evidence in the record as to what her name was or is. It is necessary that the indictment allege the name of the injured party, or that it is unknown, and the evidence offered must correspond with the allegation. Young v. State, 30 Texas Crim. App., 308.

A bill of exceptions was reserved to the manner of examining the witness Harper in regard to asking leading and suggestive questions. We are of opinion that the questions were subject to the exceptions taken, and should have been excluded, but they refer to the identification of the assaulted party whose name was not proved, nor any testimony introduced showing that she was named as alleged. Should, upon another trial, the name be proved, the matters mentioned in the bill of exceptions will not occur.

For the errors mentioned, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*