## Judge Hightower v. The State.

### No. 4154.   Decided May 19, 1909.

**1.—Assault to Murder—Charge of Court—Adequate Cause.**

Where upon trial for assault to murder the testimony of the defense showed that defendant's wife and mother-in-law made an assault upon him, threw him down and were beating him, the court should have charged the statutory adequate cause that is that an assault creating pain or bloodshed was adequate cause, and should not have left to the jury the legal right to determine what was adequate cause.

**2.—Same—Charge of Court—Deadly Weapon—Intent to Kill.**

Upon trial for assault to murder where the evidence showed an altercation suddenly arising between defendant on one side and his wife and mother-in-law on the other, in which defendant cut his wife with an ordinary pocket-knife, the court should have charged the jury, under article 717 Penal Code, that unless there was a specific intent to kill they should acquit of assault to murder.

**3.—Same—Charge of Court—Threats—Belief.**

Where upon trial for assault to murder the defendant introduced threats made by the party injured, the court should have charged that if the defendant acted under the belief that such threats were made, in defending himself against the attack made upon him by said party to acquit.

**4.—Same—Charge of Court—Self-Defense.**

Where upon trial for assault to murder the State's case showed a direct assault, and that of the defendant self-defense in freeing himself from a violent attack of the party injured, the court erred in limiting defendant's right of self-defense to only such force as was necessary to protect himself.

**5.—Same—Charge of Court—Self-Defense.**

Upon trial for assault to murder the court should not have limited defendant's right of self-defense, by coupling all the acts that his assailants used, before he would be entitled to defend against their assaults.

**6.—Same—Charge of Court—Aggravated Assault—Adequate Cause.**

Where either pain or bloodshed is the result of an assault of the party injured upon defendant, the court should instruct the jury that this is adequate cause, and that an assault to murder was thus reduced to an aggravated assault.

Appeal from the District Court of Rusk.   Tried below before the Hon. W. C. Buford.

Appeal from a conviction of assault with intent to murder; penalty, five years confinement in the penitentiary.

The opinion states the case.

*J. H. Turner* and *R. T. Brown*, for appellant.—On question of court's failure to submit article 717, Penal Code: Johnson v. State, 44 Texas Crim. Rep., 332, 6 Texas Ct. Rep., 327.   On question of

adequate cause:  Brown v. State, 54 Texas Crim. Rep., 121, 112 S. W. Rep., 80; McHenry v. State, 54 Texas Crim. Rep., 477, 114 S. W. Rep., 115.  On question of court's charge on threats:  Pannell v. State, 54 Texas Crim. Rep., 498, 113 S. W. Rep., 536; Huddleston v. State, 54 Texas Crim Rep., 93, 112 S. W. Rep., 67; Lara v. State, 48 Texas Crim. Rep., 568, 14 Texas Ct. Rep., 5.  On question of charge on force:  Terrell v. State, 53 Texas Crim. Rep., 604.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for assault with intent to murder, the punishment being assessed at five years confinement in the penitentiary.

The issues of assault to murder, aggravated assault, and simple assault were submitted by the court in his charge to the jury.  Quite a number of errors are assigned in reference to the court's charge and refusal to give appellant's requested instructions.  Briefly stated, the evidence for the prosecution is to the effect that appellant and his wife had separated.  They had one child which was kept by the wife.  There had been a division of the property between them under an oral agreement.  On the day of the difficulty appellant had gone in pursuance to an agreement with his wife near the house where she was residing, the home of her father and mother, to see the child. He did not go to the house, but stopped a short distance away.  The wife brought the child out to see him and he took the child and played with and fondled it for a little while.  The mother-in-law appeared upon the scene and trouble began.  It is contended by the State that appellant sought to carry the child away over the protest of the mother and mother-in-law.  That the wife had the child by the head or body and appellant by the feet.  Finally he relinquished his hold, got out his knife and began cutting his wife, inflicting upon her several wounds.  That he also made an assault upon his mother-in-law.  The State further introduced evidence in regard to statements made at the time expressing his intention to kill his wife. The knife used was a pocket-knife with a big blade broken out or gone, leaving two small blades, one of which was used by appellant. The blade is shown to be two or two and one half inches in length. His version of the matter is that his wife and mother-in-law made an assault upon him; had him down and were beating him; that he got his knife and cut himself loose.

1.  The court charged the jury in reference to manslaughter and adequate cause, in substance, as follows:  That if the jury should believe beyond a reasonable doubt that defendant cut Mattie High-tower, but at the time he did so his mind was aroused to such a degree of passion, known as anger, rage, sudden resentment or terror as to render him incapable of cool reflection, and that such state of mind was produced by acts, words and conduct or either acts,

words or conduct, if any, on the part of Mattie Hightower and Melissa Waldon, or either of them, and that these acts, words or conduct "were sufficient to arouse passion, known as anger, rage, sudden resentment or terror in the mind of a person of ordinary temper sufficient to render it incapable of cool reflection, and that the defendant's mind was thereby rendered incapable of cool reflection, and while in this state of mind he cut, stabbed or struck Mattie Hightower with a knife and that said knife was a deadly weapon, then you will find defendant guilty of an aggravated assault, and in determining the condition of defendant's mind and the adequacy of the provocation to arouse it to such passion as above explained, you will take into consideration the relation of the parties to each other, their acts and conduct and words, and all the facts and circumstances offered in evidence. As to what would be sufficient provocation, and as to whether or not the defendant's mind was by passion rendered incapable of cool reflection and as to whether the assault, if any, was committed under the influence of sudden passion are questions of fact for the determination of this jury." It is urgently insisted this charge is error in that it submits to the jury the legal right to determine under the facts of this case what is provocation or adequate cause. In other words, it authorized the jury to determine the fact whether or not there was adequate cause. We believe appellant's contention is well taken. The evidence introduced by appellant was to the effect, as above stated, that the two women made an assault upon him and had him down and were beating him. The statute provides an assault creating pain or bloodshed is adequate cause. This is made so by the statute. Wherever a statutory ground of adequate cause is shown by the evidence it is the duty of the court to inform the jury that such cause is adequate, leaving to the jury the determination as to whether or not there was sudden passion, engendered by reason of adequate cause. Where the statute makes the adequate cause and provides that particular facts shall constitute adequate cause, the court must so instruct the jury and not leave it to them to determine the adequacy of the cause. There are decisions to the effect that where there may be adequate cause from a combination of circumstances not enumerated in the statute, the question may be left to the jury to determine whether or not such combination of facts or circumstances is sufficient to render his mind capable of cool reflection, but that rule does not obtain where the statute has provided the ground of adequate cause. It becomes a matter of law where the statute provides it, and the court must so instruct the jury. This portion of the court's charge is not correct, and as it instructed the jury in reference to what might authorize them to acquit of an assault to murder and convict of an aggravated assault, it bore upon a serious question in the case and the error was material.

2. It is also contended that the court was in error in failing to

give in charge article 717 of the Penal Code. The evidence in the case in regard to the knife as stated shows the blade to be from two to two and one half inches in length, and there being a conflict in the evidence as to the purpose and intent with which the knife was used, the court should have given this article in charge to the jury. The failure of the court to so charge is emphasized in the sixth division of the charge as follows: "A deadly weapon is one capable and likely to produce death or serious bodily injury, considering the manner of its use and you will take into consideration in determining the question in this case as to whether or not the knife was a deadly weapon, that is, its size, shape, its physical condition and the manner of its use, and if you find from the evidence that the said knife was not a deadly weapon then the law would raise no presumption that the assault, if any was made, was not done with the specific intention to kill." The court should have charged the jury under article 717 unless there was a specific intent to kill they should acquit of assault to murder. That article reads as follows: "The instrument or means by which a homicide is committed are to be taken into consideration in judging of the intent of the party offending; if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears." Article 719 of the Penal Code provides that, "Where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide unless it appears that there was an intention to kill, but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery." The presumption of innocence obtains until the case has been made out beyond reasonable doubt. There is no evidence offered in the case in regard to the deadly character of the knife further than as stated, to wit: that it was an old pocket-knife with two blades, the one used estimated to be from two to two and one half inches in length. This may or may not be a deadly weapon, that would be owing largely to the attendant circumstances of the case as shown by the facts. Here the court charges the jury not the presumption arising from the two statutes quoted, but exactly the converse of it, which is stated by the court that if they should find that the knife was not a deadly weapon then the law would raise no presumption that the assault, if any was made, was not done with the specific intent to kill. The very converse of the law. This exception to the charge is well taken.

3. In regard to threats, the court charged the jury that if previous to the time of cutting, Malissa Waldon and Mattie Hightower had made threats to take the life of the defendant and defendant knew of them, etc., it is contended that the court should have instructed the jury that if defendant *believed* that such threats had been made

and acting under that *belief* defended himself from the attack made on him, etc. Upon another trial this defect in the charge should be remedied.

4. The court also in charging self-defence instructed the jury that if appellant exercised more force than was necessary to protect himself, then he would be the aggressor and would be guilty of an assault with intent to murder or an aggravated assault according as the jury might find the facts to be. The contention here is that this charge was a limitation on his right of self-defense and practically eliminated the defensive theory. We are of opinion that this criticism is correct. The defensive theory was based upon the fact or facts that appellant's assailants had him down and were beating him and that he used the knife to free himself from this attack and that he succeeded in doing so after inflicting some wounds at least upon his wife. If the parties had him down under the circumstances, beating him and calling for a gun, as the testimony indicates, and it was near the house where the gun was kept, appellant certainly had the right, under the. circumstances, to act in self-defense, and this right should not have been limited under the facts of this case to the use of excessive force. The State's case did not authorize such a charge because the testimony introduced by the prosecution was to .the effect that he made a direct assault upon his wife and mother-in-law, and they did not assault him. His testimony and theory is directly the converse, that he made no assault but they assaulted him, got him down and were beating him and calling for a gun, and that he used his knife to free himself and he succeeded, and that he did not prosecute the difficulty after they got off of him. We are, therefore, of opinion that this limitation on the right of self-defense was such a one as was not justified and was harmful. See Terrell v. State, 53 Texas Crim. Rep., 604.

5. It is contended that the court erred in limiting appellant's right of self-defense in coupling all the acts that his assailants did before he would be entitled to defend against their assault, when the law would justify him in defending against any one of the acts. Upon another trial this trouble should be avoided.

6. Upon another trial the court in submitting the issue of aggravated assault and in defining adequate cause as a predicate for aggravated assault, should inform the jury what it takes to constitute an assault under the manslaughter law, which forms a basis of .passion which will reduce a killing to manslaughter. If the parties made an assault upon appellant which produced either pain or bloodshed, then the jury should be instructed that such adequate cause would be predicate for sudden passion.

For the errors discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE.—I concur in the result.