## J. P. LUTTRELL v. THE STATE.

### No. 1417.   Decided January 31, 1912.

**1.—Assault to Murder—Bill of Exceptions.**

Where the bill of exceptions did not point out the object and purpose of the rejected testimony, the same could not be considered on appeal; although the same might have been admissible for impeachment.

**2.—Same—Variance—Name of Party Injured.**

Where the indictment alleged an assault to murder upon Edward Oscar Williams, and the evidence showed that the difficulty occurred between defendant and Oscar Williams, and there was nothing in the record to show that they are the same parties or that the party injured was commonly called Oscar Williams, the variance is fatal. Following Brown v. State, 53 Texas Crim. Rep., 303, and other cases.

**3.—Same—Charge of Court—Adequate Cause—Pain and Bloodshed.**

Where, upon trial of assault to murder, the court's charge left the adequate cause to the determination of the jury, and the evidence showed that prosecutor's attack on defendant before the assault by defendant produced pain and bloodshed, this matter should have been submitted to the jury as adequate cause. Following Gallaher v. State, 55 Texas Crim. Rep., 50, and other cases.

**4.—Same—Charge of Court—Cooling Time.**

Where, upon trial of assault to murder, the evidence raised the issue of cooling time, the same should have been submitted to the jury.

**5.—Same—Charge of Court—Self-Defense.**

Where, upon trial of assault to murder, the evidence raised the issue of self-defense, the same should have been submitted to the jury. Following Hightower v. State, 56 Texas Crim. Rep., 248, and othes cases.

Appeal from the District Court of Jack. Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*E. W. Nicholson and W. E. Fitzgerald,* for appellant.—On question of variance: Willis v. State, 24 Texas Crim. App., 487; Humbard v. State, 21 id., 200; Milontree v. State, 30 id., 151; Williams v. State,

47 Texas Crim. Rep., 536; Garland v. State, 51 id., 643; Anderson v. State, 60 id., 314.

On question of statutory adequate cause: Scott v. State, 49 Texas Crim. Rep., 386, 93 S. W. Rep., 112, and cases cited in opinion.

On the court's failure to charge on cooling time: Wadlington v. State, 19 Texas Crim. App., 266.

On the court's failure to charge on self-defense: Lindsey v. State, 32 S. W. Rep., 768, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at four years confinement in the penitentiary.

1.   There are several bills of exception that are too indefinite to be considered under our authorities.   Appellant offered evidence which was rejected by the court.   The object and purpose of the introduction of this evidence is not stated or shown by the bills.   Some of the offered testimony, viewed in the light of the facts, if we could go to the evidence to consider it, ought to have been admitted on the theory of impeachment.   We mention this so that if the matters occur upon another trial as they did upon the one which resulted in appellant's conviction, the testimony should go to the jury.

2.   The indictment charges the assault to murder upon Edward Oscar Williams.   The evidence shows the trouble occurred between appellant and Oscar Williams.   There is nothing in the record to show that they are the same parties, or that if they are the same parties that he was commonly called Oscar Williams.   As the matter is presented, this will constitute a variance.   See Branch's Criminal Law, sec. 621. The evidence is insufficient if the name of the injured party is not proved as charged in the indictment, either by evidence that he was known or called by that name, or that was in fact his name.   Humbard v. State, 21 Texas Crim. App., 200; Brown v. State, 53 Texas Crim. Rep., 303; Tracy v. State, 48 Texas Crim. Rep., 49; Mays v. State, 33 Texas Crim. Rep., 330; Wolf v. State, 48 Texas Crim. Rep., 54, 85 S. W. Rep., 8; Hankins v. State, 57 Texas Crim. Rep., 152.   This matter should not have been left in this condition.   If it was a fact that Edward Oscar Williams was the name of the assaulted party, and he was commonly called Oscar Williams, this could have been shown, or if his name was in fact as alleged in the indictment, this ought to have been shown.   There are a great number of cases cited by Mr. Branch, in his work on Criminal Law in section 621, above cited.

3.   Exception is reserved to the charge defining manslaughter and adequate cause as a basis for the charge upon aggravated assault.   The court charged the jury in this connection: "You are instructed that any condition or circumstance capable of creating and which does create sudden passion, such as anger, rage, sudden resentment or terror, ren-

dering the mind for the time incapable of cool reflection, whether ac-companied by bodily pain or not, may be adequate cause; and whether such adequate cause existed for such sudden passion (if any there was) it is for you to determine; and in determining this question as well as all other matters before you, you will consider all the facts and circum-stances in evidence in this case."

The evidence in the case shows that the parties had been friends and had a sudden falling out over a settlement, and this led to a personal difficulty. Williams, the assaulted party, knocked appellant down and was beating him when pulled off by bystanders. The trouble was renewed and he again knocked appellant down and beat him about the face and head, which produced pain and bloodshed, and also undertook to gouge or scratch his eyes. They were again separated, and Williams, in company with Mr. Clay, started off. He went a short distance and appellant followed along behind and overtook them. The trouble was renewed and in that difficulty appellant used a knife, making a right serious wound. There were two versions of this difficulty. The State's theory was that appellant followed Williams for the purpose of doing what he did, and perhaps to kill him. Appellant's contention, sup-ported by his testimony, was that he and Williams had come to town together in a wagon, and he thought Williams was going to hitch up the team and go away and leave him and he was following along behind in order not to be left, and when he overtook the parties Williams made the third assault upon him, and he then used his knife. The knife is not what would be usually termed a deadly weapon, the blade being about two or two and one-half inches in length. It could be used as a deadly weapon, and the State's contention was that in this instance it was so used and for the purpose of killing. Appellant's exception to the charge under this state of facts was that it left the jury to determine what was adequate cause, whereas the statute expressly enu-merates that an assault which causes pain or bloodshed would be ade-quate cause, and the court was in error in leaving this for the jury to determine instead of informing them it was adequate cause; further leaving them to determine whether or not it produced such passion as would reduce it to manslaughter had the killing occurred, and in the absence of death to reduce the punishment to aggravated assault. This proposition is a sound one under all the authorities. Gallaher v. State, 55 Texas Crim. Rep., 50; Hightower v. State, 56 Texas Crim. Rep., 248; Scott v. State, 50 Texas Crim. Rep., 386. These are among the later cases, and we think sufficient without further enumeration.

4. It is also contended that under the facts the court was in error in not charging cooling time. Under the facts above stated, we are of opinion this contention is correct. It had been but two or three minutes, or at least a very short time intervening between the second and third difficulty. In the second difficulty it was that Williams knocked appellant down and was on him beating him about the head and face and trying to scratch his eyes. Appellant called for assistance

and Williams was taken off. Within a very short time—two or three minutes at the outside—the third difficulty occurred. There was sufficient time, and the facts would show that there was a cessation of the former difficulty and time elapsing between that and the third. If appellant was the attacking party in the last difficulty, then the time elapsing was too short to justify a failure to charge on cooling time. For this error also the judgment must be reversed.

5. It is also contended that appellant was entitled to a charge on self-defense. Under appellant's view of it he did not bring on the third attack; that he did not intend to engage in any further difficulty, but that his antagonist had just given him two beatings, and turned upon him and began to attack him and struck him, and he began using his knife on him. We are of opinion appellant was entitled under these circumstances to a charge on self-defense. He had just been knocked down and beaten twice. The antagonist showed himself to be a man of superior strength, and besides appellant's testimony shows he had been thrown from a horse two or three days before and his left arm hurt so that he was crippled in it and could not use it with any degree of effectiveness, and that Williams knew that fact, and was with him when he was thrown from the horse and had assisted appellant on one or more occasions in dressing. In regard to this issue we cite Hightower v. State, 56 Texas Crim. Rep., 248; McDowell v. State, 55 Texas Crim. Rep., 596; Coleman v. State, 49 Texas Crim. Rep., 82; Dent v. State, 46 Texas Crim. Rep., 166; Patillo v. State, 22 Texas Crim. App., 586.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*