## HERMAN LAMON BARNETT V. STATE

No. 28,518. October 31, 1956.

*Henry Wade,* Criminal District Attorney, *William F. Alexander, George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is a violation of Article 725b, Sec. 2, V.A.P.C., which denounces the possession of paraphernalia for using narcotic drugs; the punishment, 10 years.

Detective Boyd testified that, on the night in question, he and his partner Hart observed the appellant standing near a tree on a sidewalk near a park in the city of Dallas and that as they passed the appellant turned his head and walked back in the shadow of the tree, which action on his part caused them to bring their automobile to a halt and question the appellant. Boyd stated that the appellant told them that he was unemployed, had just come from Oklahoma City, and had been in the Federal hospital for narcotics. Boyd further testified, without objection, that he searched the appellant's person, found a hypodermic needle, an eyedropper syringe, and several needle marks, one of which was fresh and bloody, on appellant's arm. Boyd testified that, from his experience as an officer, the needle marks resembled those commonly found on narcotic addicts and the needle and syringe resembled the paraphernalia commonly used by addicts.

The appellant did not testify or offer any evidence in his behalf.

There are no bills of exception, formal or informal, and nothing urged for review.

The indictment properly charged the offense, and, the evidence being sufficient to support the conviction, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

The offense as charged by the indictment in this case was that appellant possessed "for the purpose of subcutaneous injections of narcotic drugs in a human being a hypodermic needle and eye-dropper syringe adapted for such use."

It was also alleged that appellant was not one of those persons specially excepted from the statute, such as physicians, dentists, and others.

It was further alleged that the appellant, in possessing the needle and syringe for the purpose named, was not acting under the direction of a licensed physician.

There is no allegation of the name of the human being in whom it was alleged the appellant intended to make the subcutaneous injections; nor is there an allegation that the name of that human being was not known.

It has always been the rule that in assault cases—including murder, rape, and robbery—the name of the injured party must be stated or that it is not known. See Hardin v. State, 26 Tex. 113; Brown v. State, 53 Tex. Cr. R. 303, 109 S.W. 188; Young v. State, 30 Tex. App. 308, 17 S.W. 413.

Here, the indictment should have complied with the rule stated. There is, however, an additional and further reason here why the name of the human being should have been alleged —that being that because it was alleged that appellant "was not acting under the direction of a licensed physician," the name of the individual was necessarily required to be given in order that the direction of the physician might be definite and specific, as distinguished from general.

If there be no necessity to name the human being, then a licensed physician could, by his direction, completely destroy the statute by authorizing any person at any time to possess the instruments for the purpose named, thereby authorizing a

physician to render lawful that which the statute makes unlawful.

There was no attack made on this indictment in the trial court, and none is here made by the appellant.

I call attention to the defect in order that I may not be placed in the position of approving the form of the indictment, for, if I remain mute, then I am cast in the position of approving what I consider to be a fundamentally defective indictment.

For the reason stated, I respectfully dissent to the affirmance of this case.