Joe Wayne **LANGSTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40463.

Court of Criminal Appeals of Texas.

June 14, 1967.

W. John Allison, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John Emmett, Joe K. Hendley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON Judge.

The offense is murder with malice; the punishment, life in the Department of Corrections.

■ Appellant's first ground of error is that there is a material variance between the name of the deceased as alleged in the indictment and the name of the deceased as shown by the proof offered by the State. The State's witness, Charlie Ruth Bealer, testified that appellant struck on the head with a crowbar a person to whom she referred at different points in her testimony as Calvin Blair and Calvin Burns. She identified State's exhibit No. 1 as being a photograph of such person. Dr. Earl Rose testified that he had performed an autopsy on a person who had been identified for him as "Calvin Thomas Blair." When shown State's exhibit No. 1, he testified that the picture was of "the body identified to me as Calvin Thomas Blair." Appellant testifying in his own behalf stated that he had known Calvin Blair for 35 years and that he hit him in the head with a jack handle and remained in hiding for some months after he heard that the Calvin Blair whom he hit had died. The testimony is sufficient to prove that the person referred to by Charlie Ruth Bealer as both Calvin Burns and Calvin Blair is the same person who was known to appellant as Calvin Blair and upon whom the autopsy was performed and to whom the indictment refers as "Calvin Thomas Blair"; therefore, no variance is shown. Luttrell v. State, 65 Tex.Cr.R. 102, 143 S.W. 628, upon which appellant relies has been distinguished by this Court in Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606. See also Fletcher v. State, 171 Tex.Cr.R. 74, 344 S.W.2d 683.

■ Appellant's second ground of error relates to his application to take the deposition of State's witness, Charlie Ruth Bealer. He contends that the trial judge abused his discretion by denying the application without holding a hearing to determine its merit. Appellant's application was filed on Friday, August 5, 1966, three days before trial was set to begin on Monday, August 8, 1966. In view of the fact that the indictment had been pending for almost a year and appellant's attorney had been appointed for two months before the trial, and that the record reflects that the cause was passed on two prior occasions, we cannot say the trial court abused his discretion by refusing to hold a hearing and by denying the application. See commentaries under Article 39.02, Vernon's Ann.C.C.P.

Finding no reversible error, the judgment is affirmed.