

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 26, 1977

Honorable Joe Resweber                    Opinion No. H-1078
County Attorney for Harris County
Houston, Texas   77002                    Re:  Duties of a hospital
                                          district in preparation of
                                          birth certificates.

Dear Mr. Resweber:

You have requested our opinion on three questions regard-
ing the duties of a hospital district in the preparation of
birth certificates.  You first ask how the district should
treat the question of legitimacy in the preparation of birth
certificates.

The 65th Legislature enacted two bills amending the pro-
visions of article 4477, V.T.C.S., relating to birth certifi-
cates for illegitimate children.  S.B. No. 30, Acts 1977,
65th Leg., ch. 14, at 30; H.B. No. 1784, Acts 1977, 65th Leg.,
ch. 837, at 2089.  Formerly, rule 47b of article 4477 required
that the item on legitimacy status be recorded on the standard
birth certificate form under the section entitled "For Medical
and Health Use Only," and that section was not "considered a
part of the legal certificate of birth."  Senate Bill 30 de-
leted the provision on recording of legitimacy status.  Later
in the session, the Legislature adopted House Bill 1784, which
also deleted the item on legitimacy and in addition amended
rule 47a to allow any person to have any indication of ille-
gitimacy removed from his or her birth certificate.  The bill
analysis for House Bill 1784 referred to Senate Bill 30 "which
removed any mention of illegitimacy from birth records" but
made no provision regarding existing records.  We believe
that the Legislature in enacting Senate Bill 30 and House Bill
1784 intended that information about legitimacy status should
no longer be included on birth certificates.  The Department
of Health Resources has revised the standard certificate of
birth to delete the legitimacy item, thus carrying out the
Legislative intent.  The hospital district should therefore not
record any information about legitimacy status on birth certi-
ficates.

Senate Bill 30 amends rule 47a to provide that if the
mother "was not married at the time of conception or birth of
the child or has not subsequently married the father, and no
man has been declared the father by court order,"

> the name of the father, or any informa-
> tion by which he might be identified,
> shall not be written into the birth . . .
> certificate. . . .

House Bill 1784 makes the same provision in affirmative language: where the mother was married at conception or birth, or where paternity has been established in a judicial proceeding, the "name of the father or any information by which he might be identified may be written in the birth . . . certificate." Although House Bill 1784 uses different language from Senate Bill 30, the legislative history indicates an intent to permit inclusion of the father's name on the birth certificate of an illegitimate child only under the stated circumstances. The bill analysis states that the language of House Bill 1784 conforms with Senate Bill 30. The hospital district should not write the father's name into the birth certificate of an illegitimate child except under the circumstances stated in rule 47a as amended by House Bill 1784.

Your next question is whether a hospital district may enter on a birth certificate a last name for a child that is not the same as the last name of the mother. The Department of Health advises registrars of births that in cases where rule 47a requires the exclusion of the father's name from the certificate, they should not record his surname as the child's surname, since that would tend to identify him. In view of the well established custom of giving a child the family name of his father, see Presley v. Wilson, 125 S.W.2d 654 (Tex. Civ. App. -- Dallas 1939, writ dism'd judgmt cor.); Young v. State, 17 S.W. 413 (Tex. Civ. App. 1891); In re Cohen, 255 N.Y.S. 616 (Sup. Ct. 1932), we cannot say that the Departmental construction of the statute is unwarranted. Thus, the child should not be given the father's surname on the birth certificate, where that will tend to identify the father. Of course, whether or not the name will identify the father depends on all the surrounding facts.

The statute does not require the mother to give her child any particular surname. Nor does the Department have any policy or regulation with respect to the naming of illegitimate children. The courts of some states have indicated that an illegitimate child takes its mother's surname, Buckley v. State, 98 So. 362 (Ala. Ct. App. 1923), while others have noted that this does not necessarily happen, People v. Gray, 96 N.E. 268 (Ill. 1911); In re Garr's Estate, 86 P. 757, 760 (Utah 1906). The law in Texas remains unsettled. See Pintor v. Martinez, 202 S.W.2d 333 (Tex. Civ. App. -- Austin 1947, writ ref'd n.r.e.); Presley v. Wilson, supra. In Pintor v. Martinez the court noted that at common law an illegitimate child might acquire a surname in

baptism, and that a decree changing the child's name from her mother's surname to the baptism name might not have amounted to a change of name.  Since no statute, regulation, or case requires an illegitimate child to be given its mother's surname, the hospital district may enter on the birth certificate a surname for the child that is different from the mother's surname.

Finally, you ask whether a hospital district has the authority to change the names on a birth certificate.  Nothing in the statute prohibits the alteration of information recorded on the birth certificate prior to its "acceptance for registration by the local registrar."  After such time,

> no record of any birth . . . shall be
> altered or changed.

Rule 51a.  If the record is incomplete or in error at the time it is accepted for registration, the statute provides for the filing of an "amending certificate," which shall "be attached to and become a part of the legal record of such birth."  See Attorney General Opinion O-4854 (1942).

### S U M M A R Y

A hospital district should not record any information about legitimacy status on a birth certificate.  A hospital district may not record a surname for an illegitimate child that is the same surname as his father where that will tend to identify the father.  Otherwise, the district may enter on the birth certificate a surname for the child that is different from the mother's surname.  A hospital district may alter information on a birth certificate prior to its acceptance for registration by the local registrar, but not thereafter.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst