EX PARTE BONNIE ENGEL.

No. 26,168. December 17, 1952.

*Martin & Shown,* by *W. E. Martin,* Houston, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant is confined in the county jail of Harris County, Texas under a commitment from the County Court at Law, No. 2 of said county by virtue of her conviction in that court of the violation of Art. 726c, Vernon's Annotated Penal Code.

The complaint and information filed in County Court at Law No. 2 charged appellant with the possession of nembutal, a barbiturate, which had not been delivered to her by a pharmacist upon an original prescription or by a duly licensed practitioner in the course of his practice. She pleaded guilty to this charge before the court without a jury, and judgment was entered assessing her punishment at two years in jail and a fine of $1,000.

This is a collateral attack upon such judgment by way of habeas corpus, the appeal being from an order of the district judge denying the relief prayed for and remanding appellant to custody following a hearing. The validity of the statute under which appellant was convicted is the sole question presented.

Art. 726c V.A.P.C. was enacted by the 52nd Legislature in 1951 (S.B. 295 Ch. 413, p. 758, Acts 52 Leg.) for the purpose (declared in the act) of regulating and controlling the handling, sale, and distribution of barbiturates as defined therein: "to insure that the public shall receive the therapeutic benefits of barbiturates under medical supervision to the full extent required to assure safety and efficiency in their use," and "to

prevent such handling, sale, or distribution for harmful or illegitimate purposes; and to place upon manufacturers, wholesalers, licensed compounders of prescriptions and persons prescribing such drugs a basic responsibility for preventing the improper distribution of such drugs to the extent that such drugs are produced, handled, sold, or prescribed by them."

Sec. 3(a) of the act makes the delivery of any barbiturate unlawful unless delivered by a pharmacist upon an original prescription in a container labeled as required in subsection 1 or by a practitioner (defined in the act), in the course of his practice, in a container labeled as required in subsection 2 of section 3(a).

Sec. 3(e) of said Art. 726c V.A.P.C. makes the possession of a barbiturate by any person unlawful unless such person obtained the drug under the provisions of Sec. 3(a) (1) and (2) and possesses it in the container in which it was delivered to him by the pharmacist or practitioner selling or dispensing it.

Section 5 of said Art. 726c V.A.P.C. reads as follows:

"The provisions of paragraphs (a) and (e) of Section 3 shall not be applicable: (a) to the delivery of barbiturates to persons included in any of the classes hereinafter named, or to the agents or employees of such persons, for use in the usual course of their business or practice or in the performance of their official duties, as the case may be; or (b) to the possession of barbiturates by such persons or their agents or employees for such use:

"(1) Pharmacists;
"(2) Practitioners;
"(3) Persons who procure barbiturates (A) for disposition by or under the supervision of pharmacists or practitioners employed by them; or (B) for the purpose of lawful research, teaching, or testing, and not for resale;
"(4) Hospitals and other institutions which procure barbiturates for lawful administration by practitioners;
"(5) Officers or employees of Federal, State, or local Government;
"(6) Manufacturers and Wholesalers;
"(7) Carriers and Warehousemen."

Appellant contends that because of the exception contained in Sec. 5, said Art. 726c V.A.P.C. constitutes class legislation

and offends against the equal protection provision of our state and federal constiutions.

It is argued that some of the exceptions are unjustified and unreasonable, notably that which exempts "officers or employees of federal, state, or local government." And it is contended that the provision limiting such governmental officers and employees to possession or delivery of barbiturates "for use in the usual course of their business or practice or in the performance of their official duties, as the case may be" must be construed to permit the exempted public official or employee to possess a barbiturate other than one received from a practitioner or pharmacist in the manner outlined in Sec. 3(a) of the act upon the belief that its use would help him to better perform his official duties.

If the language of the statute be so construed, the statute is void as class legislation.

When considered in connection with the expressed purposes of the legislation, it seems clear that the possession and delivery or barbiturates by those named in Sec. 5 and their agents or employees is limited to possession and delivery incident to the handling sale and distribution of such barbiturates as permitted by the statute under the regulations contained therein, and the enforcement of the provision of the act so as to prevent the harmful and illegitimate use of such product.

Such construction would not permit the possession of a barbiturate by a pharmacist, practitioner, manufacturer, wholesaler, carrier or workman, or by an officer or employee of federal, state, or local government other than in the usual course of business or practice or in the performance of their official duties in connection with the purpose of the act such as: "to insure that the public shall receive the therapeutic benefits of barbiturates under medical supervision to the full extent required to assure safety and efficiency in their use and to prevent such handling, sale, or distribution for harmful or illegitimate purposes."

We are not impressed with the idea that any person could, under the act, lawfully possess for his personal use a barbiturate which had not been delivered and labeled in accordance with Art. 726c V.A.P.C.

The judgment of the trial court remanding appellant is affirmed.

Opinion approved by the Court.