## WESLEY T. JENKINS V. STATE

No. 28,836. February 20, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 3, 1957.

*Bill M. Dickson,* Houston, for appellant.

*Dan Walton,* District Attorney, *Lee P. Ward* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of burglary by the discharge of firearm into the house of J. C. Stacy with intent to kill Dewey Speegle, a person therein; and his punishment was assessed at three years in the penitentiary.

While the evidence is conflicting, it is sufficient to support a finding by the jury that appellant was in the business house of J. C. Stacy about 9:30 or 10 P.M., in company with his wife, and as he left made a statement to the effect that he was going to come back and kill "Dewey Speegle and his wife Helen Speegle;" that he returned shortly, having donned a jacket but his wife was not with him; that he sat down at a booth next to where Speegle was sitting and ordered a beer, but did not drink it; that he put his hand on his hip and said "You all

don't believe that I came back here to kill you" and J. C. Stacy struck him across the head with a pistol and held it on him until the officers arrived.

Appellant was then taken to a doctor where his wounds were attended, and upon his request and his statement that he did not desire to file charges against Stacy, the officers drove him back and let him out at Stacy's place.

Appellant was next seen in his 1949 or 1950 Black Buick which was being driven by his wife.

About 10:30 P.M. a blast from a shotgun came through the window of Stacy's building at the booth where Speegle was sitting when appellant left, but Speegle had moved to another location in the building and was not hit. Two other occupants were hit by single shot which appeared to be size 6.

Stacy testified that he saw appellant in the Buick which was being driven slowly by his place of business and saw that he had a double barreled shotgun in his hand which he was "pulling back through the window."

Stacy followed appellant to the place of business and residence of Algie Chandler, appellant's father-in-law, and then called the officers.

Appellant was taken into custody at the Chandler place and his double barreled shot gun was found under the Chandler building with a fired shell in the barrel.

A paraffin test showed that appellant had recently fired a gun.

There was evidence of prior difficulties between appellant and Speegle and it was shown that appellant had pleaded guilty to an aggravated assault upon Speegle's wife.

Appellant denied that he fired the shot into the building or that he had threatened to kill Speegle, his wife or Stacy.

The jury resolved the issue against appellant and the evidence is sufficient to sustain its verdict.

Appellant here complains that the trial court erred in overruling his motion for continuance.

We find such a motion in the record but it does not appear that any exception was reserved to the overruling of the motion and there are no formal bills of exception. Hence, this claim of error is not before us.

The judgment is affirmed.