DOROTHY RUTH MANSON v. STATE.

No. 29,808. June 4, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 15, 1958.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Frank Briscoe,* Assistants District Attorneys, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of paraphernalia adapted for the use of narcotic drugs, in violation of Art. 725b, sec. 2(c), V.A.P.C.; the punishment, five years' confinement in the penitentiary.

The state's testimony shows that the appellant was arrested at a Henke-Pillot Store in the city of Houston after she and her companion were seen taking radios from a counter without paying for same. A subsequent search of her person by a matron at the police station revealed a small paper bag underneath her clothing which contained an eye dropper, a hypodermic needle, a bottle cap and a piece of cotton. Tests run upon the articles by Chemist R. F. Crawford showed that the eye dropper, cotton and bottle cap contained a small amount of diacetylmorphine, commonly known as heroin, a narcotic drug. Dr. C. A. Dwyer, upon examining the articles taken from appellant, testified that they were adapted for the use of subcutaneous injections. Willie Gibson, appellant's uncle, testified that he had known her since she was a small girl and as far as he knew she was not a doctor, dentist, veterinarian, nurse, pharmacist, dealer in surgical instruments or an attendant or intern of a hospital, sanatorium, or institution in which persons are treated for disability or disease. Alex Myers, appellant's grandfather, testified substantially as did her uncle that as far as he knew appellant was not a member of one of the professions or classes inquired about.

Appellant did not testify or offer any evidence in her behalf.

In charging the offense the indictment alleged that appellant possessed for the purpose of subcutaneous injections of narcotics drugs in a human being an eye dropper, needle and bottle cap adapted for such use and that appellant was not one of the persons excepted from the statute such as physicians, dentists and others and that in possessing the eye dropper, needle and bottle cap for the purpose named appellant was not acting under the direction of a licensed physician. The indictment is drawn in conformity with form 952 Willson's Texas Criminal Forms, Sixth Edition, and the allegations are substantially the same as in the indictment in Barnett v. State, 163 Texas Cr. Rep. 538, 294 S.W. 2d 835 which were held sufficient to charge an offense under Art. 725b, sec. 2(c), supra. If there be any question as to the sufficiency of the allegations negativing the exceptions set out in Art. 725b, sec. 2(c), supra, then Sec. 21 of said Article 725b becomes material, which provides:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of this Act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

A similar provision in Art. 726c. V.A.P.C., was given effect in Browning v. State, 161 Texas Cr. Rep. 276, 276 S.W. 2d 522.

Appellant insists that Art. 725b, sec. 2(c), supra, under which she stands convicted, is unconstitutional as being class legislation because certain persons named in the statute such as physicians, dentists, etc., are exempt from its provisions. A similar contention was presented in Ex parte Engel, 158 Texas Cr. Rep. 95, 253 S.W. 2d 430 where this court held that Art. 726c, V.A.P.C., regulating the handling, sale and distribution of barbituates was not void as class legislation because certain persons were exempt from its provisions. Appellant's contention is overruled.

Appellant next insists that the court erred in permitting the witnesses Gibson and Myers to be called by the state and testify against her over the objection that they were incompetent because of their relationship to her. Art. 713, V.A.C.C.P., provides in part that "All other persons, except those enumerated in Art. 708 and 714, whatever may be the relationship between the de-

fendant and witness, are competent to testify * * *." By no statute in this state is an uncle or grandfather of an accused made an incompetent witness because of such relationship.

We overrule appellant's contention that the court erred in refusing to declare a mistrial after it was shown that certain answers made by the state's witness, Officer Gossage, were based upon information given him by the appellant while she was under arrest. The record reflects that such fact was brought out by the appellant on cross-examination of the witness and thereupon the court instructed the jury not consider any information given by the appellant while in jail.

We find the evidence sufficient to support the conviction and overrule the appellant's contention that the state failed to prove that she was not a person exempt from the provisions of the statute such as a physician, dentist, etc., as alleged in the indictment.

The judgment of the trial court is affirmed.

Opinion approved by the court.