ANASTACIO GARCIA *alias* EUSTACIO GARCIA v. STATE.

No. 29,969. October 8, 1958.

*Oliver, Gillespie & Lacy,* by *James R. Gillespie,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *K. Key Hoffman, Jr.,* and *H. F. Garcia,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, life.

Detectives Bernal and Kral of the narcotic division of the San Antonio police department testified that on the day in question, pursuant to information which they had received, they went along an unpaved street until they discovered an indenture in the ground on an undeveloped lot covered with weeds and, after some exploration, found concealed in the weeds a brown paper package which appeared to contain marijuana; that they returned the package to its original resting place and proceeded around the block to a vantage point near the package from which they might watch without their presence being detected. They testified that after some time the appellant came along the unpaved street, halted near the cache, looked around and went away; that a short while thereafter the appellant returned, approached the cache by a circuitous route, squatted near it, and when he reached in the grass, retrieved a package and put it in his shirt they made their presence known and arrested him.

It was shown by the testimony of a chemist that the package contained approximately 111 grams of marijuana.

The appellant did not testify or offer any evidence in his behalf.

We shall discuss the contentions advanced by counsel in their brief.

Their principal grounds for reversal grow out of the alleged excessiveness of the punishment. The legislature of this state, by Article 725b, Section 23, which became effective April 24, 1957, provided a punishment of not less than two (2) nor more than life for a first offender of the narcotics law. This court has recently in Lewallen v. State, (page 287, this volume), 313 S.W. 2d 293, reaffirmed the rule which has long existed in this state to the effect that if the punishment is within that prescribed by the statute it is beyond the province of this court to pass on the question as to whether the evidence is sufficient to support a punishment greater than the minimum. These matters we must necessarily leave to the wisdom of the legislature and the jury which tried the case.

They next contend that the trial counsel were incompetent. We have examined the statement of facts with care and fail to find that the accused was improperly represented.

Finding no reversible error, the judgment of the trial court is affirmed.