## RICHARD DAVIS, JR. V. STATE

No. 32,165. October 5, 1960

Motion for Rehearing Overruled
November 9, 1960

*J. W. Blair*, Richardson, for appellant.

*Henry Wade*, Criminal District Attorney, *Frank W. Watts, Thomas B. Thorpe, Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, fifty years.

The state's witness Brigham testified that when he looked through the glass portion of a door to a pool hall after hearing a noise inside, he saw the appellant thrust the blade of a knife into the stomach of the deceased as the deceased appeared to be trying to open the door; that he did not see the deceased strike the appellant and did not see anything in the hands of the deceased; that after being stabbed the deceased came out of the pool hall and walked away; and in 3 or 4 minutes the appellant came out and he told appellant he ought to be ashamed.

Elnora Horten testified that she lived across the street from the pool hall where the deceased was stabbed on September 26, and that the appellant, referring to the pool hall on the corner, told her in August that "he was going to kill him a man on that corner before the year was out."

Detective Hall of the Dallas Police Department testified that when the appellant arrived at the police station he informed the appellant that he had been looking for him in connection with the killing of the deceased and asked him for the "murder weapon, and that appellant "reached in his pocket and gave me a knife." He then identified a knife which was exhibited to him as the one appellant gave him when he came to his office and it was introduced in evidence without objection.

Dr. Montgomery, physician and pathologist, testified that the autopsy he performed on the body of the deceased showed that "a sharp instrument which is compatible with a knife" was thrust $2\frac{1}{2}$ inches into the stomach, causing death; and he expressed the opinion that the knife introduced in evidence could have been the instrument causing the wound.

Appellant, testifying in his own behalf, stated that he had never had trouble with the deceased and had known him for over a year. On the night of the offense, the appellant, William Brigham, and Jessie Dickson (the deceased) were in the pool hall and the deceased told appellant and Brigham that he was about to close the place. Appellant stated that after Brigham had left, he thought the deceased was closing "me inside the place." He further stated that the deceased kicked him when he tried to leave and that the deceased had one hand on the door and the other in his pocket. Appellant further stated that the deceased

came at him with an open knife in his hand; that they scuffled and that he (appellant) got his knife out and was jabbing at the deceased and telling him to "stay off me." He stated that he was trying to keep the deceased from advancing toward him because he was in fear of serious bodily injury.

Appellant, on cross examination, stated that after he and the deceased had left the pool hall he walked to a cafe and there discovered blood on his hands and on his knife and first realized that he had stabbed the deceased. He further stated that he learned from a friend the next morning that the deceased had died, and then called his mother who came and took him to city hall.

The court charged the jury upon the law of self defense as applicable to both real and apparent danger, and the issue was resolved against the appellant.

The evidence is sufficient to support the verdict of the jury.

Appellant complains of the failure of the court to instruct the jury in accordance with the provisions of Art. 1223, V.A.P.C.

No objection appears in the record complaining of such omission in the court's charge and no such charge appears to have been requested. In the absence of an objection or requested charge, the omission is not ground for reversal. Art 658 and 659, V.A.C.C.P.; Nesbit v. State, 165 Tex. Cr. Rep 336, 306 S.W. 2d 901. Further, such omission was not fundamental error as appellant also contends. Richardson v. State 91 Tex. Cr. Rep. 218, 239 S.W. 218.

The judgment is affirmed.

Opinion approved by the Court.