ROBERT BRUCE LEONARD

No. 34,502. April 11, 1962
Motion for Rehearing Overruled May 30, 1962

*C. C. Divine,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully prescribing a narcotic drug; the punishment, two years in the penitentiary.

The State's evidence shows that on the evening of April 8, 1960, Narcotics Officer M. B. Hightower observed the appellant, Dr. Robert Bruce Leonard, and his wife, Mrs. Fredleen Power Leonard, leave their residence in the City of Houston and drive to Mading's Drug Store, No. 14, at 6602 Main Street. When they arrived, appellant remained in the automobile and his wife went into the drug store where she presented a prescription to the pharmacist to be filled. The prescription was dated "4/8" for "Mrs. Fredleen Power", address "2740 Portsmouth", and was signed "Robert B. Leonard, M.D.". The pharmacist proceeded to fill the prescription and deliver it to Mrs. Leonard. She then left the drug store and as she walked toward the automobile in which appellant was seated she was arrested by Officer Hightower and the bottle containing the prescription was taken from her. The contents of the bottle, upon being examined by Chemist Floyd McDonald, was shown to be demerol, a trade name for isonipecaine, a narcotic drug. It was shown that on March 12, 1960, the appellant's license to practice medicine was ordered cancelled by the Texas State Board of Medical Examiners. On March 25, appellant gave notice of appeal from such order to the 129th District Court of Harris County, and on September 30, an injunction was issued by the court against the board to allow appellant to practice medicine but without a narcotic permit.

As a witness in his own behalf, appellant testified that he did not give the prescription in question to his wife and denied that he knew she had it. Appellant admitted that he had written that portion of the prescription prescribing the demerol and had signed his name thereto but denied that he had written the date and the maiden name and address of his wife thereon. Appellant stated that in his practice he had signed a number of prescriptions in

blank which he kept locked in his desk to be used in case of emergency for cancer patients. That the blanks were kept so that his wife could fill in the patient's name and deliver the prescription without waiting for appellant to do it personally. He further testified that while he did not give the prescription to his wife, it was his belief, in view of his appeal from the board's order of revocation that he did have the right to write such a prescription on April 8.

By motion to quash the indictment and motion for instructed verdict appellant insists that he cannot be convicted under Art. 725b, V.A.P.C., for unlawfully prescribing a narcotic drug but could only be prosecuted and convicted under Art. 741 & 742, V.A.P.C., of the misdemeanor offense of unlawfully practicing medicine.

Sec. 2(a) of Art. 725b, supra, provides: "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug."

Sec. 7(1) provides: "A physician or a dentist, in good faith and in the course of his professional practice only, many prescribe, administer, and dispense narcotic drugs, * * * ."

In De Vine v. State, 151 Texas Cr. Rep. 179, 206 S.W. 2d 247, this Court, in construing these provisions of the Narcotic Drug Act. 725b, supra, pointed out that a physician is one who is authorized by law to practice medicine in this State. While there have been amendments to the Narcotic Drug Act since this decision, we find nothing in the present act which would authorize a different interpretation and holding.

The evidence clearly shows that on April 8, 1960, the day the prescription in question was presented to the pharmacist, appellant's license had been duly cancelled by the Board of Medical Examiners. The filing of an appeal by appellant did not have the effect of suspending the board's order. Texas State Board of Medical Examiners v. Watt (Civ. App. 1956) 287 S.W. 2d 559. On such date the board's order of cancellation had not been enjoined or stayed by the District Court. While appellant testified that on the date in question he possessed a Federal narcotic stamp or permit, this would not authorize him to prescribe a narcotic drug in this state when his license to practice medicine was cancelled.

We find the evidence sufficient to support the jury's verdict finding appellant guilty of the offense of unlawfully prescribing a narcotic drug as charged in the indictment.

Appellant insists that the court erred in overruling his subsequent motion for a continuance. The record reflects that the motion was by the court overruled but it does not appear that any exception was reserved to the court's ruling. In the absence of an exception to the court's ruling, appellant's claim of error is not before us for review. Jenkins v. State, 108 Texas Cr. Rep. 184, 299 S.W. 2d 946.

Appellant's complaint of the court's action in refusing his requested charges cannot be considered because no exception to the court's action in refusing the same is verified by the trial judge. Carpenter v. State, 171 Texas Cr. Rep. 65, 345 S.W. 2d 412.

The exception made by appellant to the court's action in overruling his motion to draw the names of the jurors from a receptacle likewise is not properly before us for review because not verified by the trial judge. Carpenter v. State, supra.

Complaint is made by appellant to the court's action in admitting in evidence an executed copy of the order entered by the Board of Medical Examiners on March 12, 1960, revoking his license to practice medicine. The order was duly attested by the hand and seal of the secretary of said board and was admissible in evidence under the provisions of Art. 4497, V.A.C.S. Furthermore, the same evidence was presented to the jury when the medical register, an official record kept by the District Clerk of Harris County, was introduced in evidence without objection and by stipulation of the parties.

Other contentions urged by appellant have been considered and are overruled.

The judgment is affirmed.

Opinion approved by the Court.