MANUEL PEREZ V. STATE

No. 34,631.   May 30, 1962
Motion for Rehearing Overruled June 30, 1962

MORRISON, Judge, dissented.

*T. P. Henley* and *Russel B. Wine*, San Antonio, for appellant.

*Charles J. Lieck, Jr.*, Criminal District Attorney, *Norma Fink*, Assistant Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the sale of marihuana; the punishment, twenty-five years.

Officer Lucero testified that about 9:10 P.M. he observed the appellant talking and moving from one table to another in Club Chico, and when appellant walked out towards the rest room in the rear of the building he followed; that he spoke as he passed the appellant, who had stopped and was talking to another person, and while passing he heard them using terms which indicated weed or marihuana.

When Officer Lucero came out of the rest room, he again spoke to the appellant and asked him if anything was going on, which was language meaning if there was anything for sale in

the form of marihuana. Appellant replied: "How much do you want?" and Lucero said "about $2.00". Then Lucero gave the appellant $2.00 and the appellant gave him four cigarettes. Officer Lucero notified Detective Rosas, of the Narcotic Bureau, and Lucero and Rosas in the presence of each other marked said four cigarettes for identification purposes and placed them in the evidence locker of the police department.

Proof was offered that the four cigarettes were analyzed and found to contain marihuana.

The appellant did not testify or offer any evidence in his behalf.

Appellant insists that under the evidence the punishment of twenty-five years assessed by the jury is cruel and excessive and cannot be sustained.

Any person convicted for the sale of marihuana may be punished by confinement in the penitentiary for not less than five years nor more than life. Art. 725b, Sec. 23, V.A.P.C.

The punishment assessed was within the limits prescribed by law. This precludes the necessity of any further consideration on the ground that the punishment was cruel and excessive. 16 Texas Jur. 2d 120, Sec. 19; Garcia v. State, 316 S.W. 2d 734.

By Formal Bill of Exception No. One, appellant urges error because of the prosecutor's opening argument to the jury as follows:

"In this case there hasn't been any dispute at all in the testimony."

At the time of such statement, no objection was made and no reason appears or is assigned for such failure. During further argument, which did not refer to the subject matter in the above quoted statement, the appellant objected as follows:

"Now just a minute. I object to that line of argument as improper and prejudicial, may it please the court."

The objection was overruled, but no exception was reserved. No motion of any kind was made upon the basis of such argument. The court certified that he considered that appellant's objection was directed to the immediate preceding argument instead of

the statement above quoted. The appellant did not testify. No error is presented.

In Formal Bills No. Two, Three, and the last contention in No. Four, complaint is also made of certain argument to the jury by the state's attorney. The court certified in these bills that no objection was made, nor a request that the jury be instructed not to consider it, or a motion for a mistrial. Therefore, these bills show no error.

In Bill of Exception No. Four, appellant contends that the state's attorney committed error in making the following statements in the opening argument to the jury:

"Now when I leave this court room I am going back down to my office, and it is my intention to write a letter to Chief Bichsel, who is the Chief of Police of the San Antonio Police Department, * * *"

At this time, the appellant made the following objection:

"I am going to object to this extraneous matter being argued before the jury, may it please the court, not reasonable deductions on the evidence."

The objection was sustained. No request was made to instruct the jury to disregard the argument or for a mistrial because of it. This argument, in view of the court's action in sustaining the objection, shows no error.

By Formal Bill of Exception No. Five, appellant claims that error was committed by the prosecuting attorney in his closing argument when he stated:

"He won't go to work and try to make an honest living."

To such argument, the appellant objected because it was improper and prejudicial. The court sustained the objection, instructed the jury to disregard the remarks of the state's attorney and not to consider them for any purpose whatsoever in their deliberations.

The bill shows that the remark of counsel immediately preceding the statement complained of was:

"He wants to get that stuff and keep it turning, so he can put some more money in his pocket."

There was no objection to these remarks.

In view of the evidence and the argument quoted and the prompt and adequate instruction to the jury by the trial court, no reversible error is shown.

The evidence is sufficient to support the conviction.

The sentence orders that the imprisonment be for a period of not less than *two* nor more than twenty-five years. It is reformed to read "not less than five years nor more than twenty-five years", five years being the maximum punishment for the offense charged.

As reformed, the judgment is affirmed.

Opinion approved by the Court.

MORRISON, Judge, dissenting.

Bill of exception No. 5 reflects the failure of the trial court to grant a mistrial after the prosecuting attorney stated to the jury in his argument, "He (appellant) won't go to work and try to make an honest living." There is not a scintilla of evidence in the record to support this statement.

In Sparks v. State, 159 Texas Cr. Rep. 111, 261 S.W. 2d 571, we held that the prosecutor committed reversible error by stating that the appellant possessed marihuana for the purpose of selling it to school children where there was no evidence in the record to support such a statement.

In Kirk v. State, 159 Texas Cr. Rep. 124, 261 S.W. 2d 721, we held the prosecutor's statement to the jury that he had helped appellant out of other trouble reversible error where there was no evidence in the record to support the same.

In the case at bar, the prosecutor injected new and harmful facts into the case which were highly prejudicial to the rights of appellant because he told the jury one of the most damaging pieces of evidence against any one charged with crime, as I see

it; i.e., that the accused was a *professional* criminal and had no other occupation.

I respectfully dissent.