Troy Allan FULLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 37071.

Court of Criminal Appeals of Texas.

June 24, 1964.

Brantley Pringle, Alfred J. Jackson, Jr., Fort Worth, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to murder with a conviction of an offense of like character alleged for enhancement; the punishment, 25 years.

Since there is little conflict in the evidence, it will be summarized. Appellant and his wife were estranged, and she was employed as a barmaid. At about midnight on the night in question, appellant appeared at the bar and announced his intention to take her home, but she declined. The injured party, the proprietor of the bar, instructed appellant to get from behind the bar and settle his argument elsewhere. Appellant pulled a pistol and fired it at the injured party, hitting him in the jaw, and the bullet lodged and remained in his head. Immediately following this, appellant shot and killed an off-duty policeman who was present in the establishment and who attempted to disarm him. Appellant fled, but was discovered lying in the grass a short distance from the bar. The injured party was hospitalized for eleven days.

The prior conviction was established. Appellant did not testify in his own behalf, but called his wife who gave substantially the same version of the assault upon the owner of the bar.

By brief, appellant complains of the admission of the evidence of the murder of the policeman. Under the rule announced in Ross v. State, 220 S.W.2d 137, and Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S. W.2d 884, this evidence was clearly admissible because the two offenses were so interwoven as to be part of the same transaction.

Appellant complains that he was not permitted to show the result of the murder trial against him. The record reflects that the court sustained the State's objection to the question, "and that trial resulted in a conviction?", but nowhere in the record are we able to determine what the answer of the witness would have been, had the court permitted the question. In view of this fact and under the holdings of this Court in Deams v. State, 159 Tex.Cr.R. 496, 265 S.W.2d 96, and Brinkley v. State, 161 Tex.Cr.R. 413, 277 S.W.2d 704, we are in no position to say that the trial court erred in his ruling.

Several objections to the charge and requested charges appear in the transcript, but they fail to reflect that they were submitted to the trial court before the main charge was read to the jury. In fact, the statement of facts reveals that the trial was held on October 30, 1963, and the requested charges were not filed until March 27, 1964. The objections to the charge fail to reflect that they were ever presented to the trial court. Under the holdings of this Court in Manson v. State, 166 Tex.Cr.R. 514, 316 S.W.2d 414; Ayers v. State, 162 Tex.Cr.R. 586, 288 S.W.2d 511; Garza v. State, 159 Tex.Cr.R. 134, 261 S.W.2d 581; and Franklin v. State, 147 Tex.Cr.R. 636, 183 S.W.2d 573; nothing is presented for review.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.