**James Wendell HITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38262.**

Court of Criminal Appeals of Texas.

May 26, 1965.

Rehearing Denied June 26, 1965.

R. Kelley Pierce, William F. Billings, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Reese, John Vance and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for knowingly passing as true a forged instrument; the punishment, three years.

Allie Ruth Elley, called as a witness by the state, testified that she was employed by Medallion Stores, on Northwest Highway in the city of Dallas, and worked in the customer service, cashing checks and handling credit. She related that on the afternoon of October 5, 1963, the appellant came into the store and presented a check to her to be cashed. The check, introduced in evidence as state's exhibit #1, was a printed check of the American Sheet Metal Company, of Dallas, #23,178, dated October 4, 1963, payable to the order of James W. Clark, in the amount of $98.13, drawn on Texas Bank & Trust Company of Dallas and signed "American Sheet Metal Company, By Frank Grimes." Mrs. Elley stated that after appellant produced his driver's license and endorsed the check, she accepted the check and gave him the amount of money written on the face of the instrument. He then left the store.

It was further shown that on the night of October 4, 1963, the building occupied by American Sheet Metal Company in Dallas was broken into and burglarized. After the burglary, a check protector and some twelve hundred and four of the company's

blank printed checks were discovered missing. Among those missing was check #23,178.

Robert Allison, president of American Sheet Metal Company, testified that, after the burglary, payment was stopped at the bank on all the missing checks. He stated that the typewritten figures and names were not on state's exhibit #1 when the building was locked on October 4, 1963, and that the company did not have an employee by the name of James W. Clark. He further stated that he had no one in his employment by the name of Frank Grimes and that the persons authorized to sign the company's checks were he and his wife, Pauline M. Allison; further, that he did not authorize anyone to sign the name, "Frank Grimes," to any of the checks.

It was further shown that appellant was arrested in connection with the investigation of the burglary and later charged with the forgery and passing of the check in question. Following his arrest appellant made and signed a written confession on October 10, 1963, which was introduced in evidence as state's exhibit #5.

Before admitting the confession in evidence, a hearing was held by the court, in the jury's absence, on the question of its voluntary nature. At the hearing, Detective W. A. Davis, to whom the confession was made, testified that before appellant signed the confession he was given the statutory warning and that no promises to or threats against appellant were made. Appellant testified that following his arrest he was threatened by the officers and was not advised that he had the right to talk to a lawyer. Appellant's wife testified that she visited appellant in jail and was led to believe by the officers that if her husband did not confess he could not be released on bail and that she so advised appellant.

At the conclusion of the hearing, the trial judge made an independent finding, duly entered of record, that the confession was voluntarily made. The court specifically found that before appellant signed the confession he was duly warned; that no promises of immunity were made to him and that he was not mistreated in any manner. The court further found that appellant's wife was permitted to visit him; that he was permitted to use the telephone and at no time did he request counsel.

In his confession, appellant stated:

"On Saturday, October 5, 1963, I received an American Sheet Metal Company check from William Pool. This check was made payable to James Clark and was made out in the amount of $98 and some cents. I do not remember the name used as signer on this check. I went to Medallions Store on Northwest Highway where I endorsed the check as James Clark and cashed it. I kept 60% of the money and gave William Pool 40% of the money received from Medallions."

Appellant did not testify in his own behalf on the issue of his guilt or innocence but called his employer, George McClindon, who testified that he had never known of appellant using the name James W. Clark or Frank Grimes.

■ The court submitted the issue of appellant's guilt to the jury upon a charge on the law of circumstantial evidence, and we find the evidence sufficient to sustain the verdict.

■ In his brief, appellant complains that the court erred in overruling his motion for continuance.

No formal bill of exception appears in the record to the court's action.

While the record contains the motion for continuance and the court's order overruling the same, the order does not show an exception by appellant to the court's ruling. In the absence of an exception to the court's ruling, the claim of error is not before us for review. Art. 760e, Vernon's Ann.C.C.P.; Jenkins v. State, 146 Tex.

Cr.R. 458, 299 S.W.2d 946; Dominguez v. State, 164 Tex.Cr.R. 571, 303 S.W.2d 384; Leonard v. State, 172 Tex.Cr.R. 394, 356 S.W.2d 926.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.