

# NUMBER 13-14-00128-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICHARD LEE MAZA,                                       **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

## On appeal from the 36th District Court
## of San Patricio County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Richard Lee Maza challenges his conviction for aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.32, 22.021 (West, Westlaw through 2013 3d C.S.). By two issues, which we have renumbered, Maza contends: (1) the punishment in this case is cruel and unusual; and (2) the trial

court abused its discretion when it assessed attorney's fees against him. We affirm as modified.

## I. BACKGROUND[1]

Maza was indicted on two counts of child molestation. Pursuant to a plea agreement, Maza pleaded guilty to aggravated sexual assault of a child, and the State abandoned an indecency with a child charge. On August 27, 2007, the trial court placed Maza on deferred-adjudication community supervision for seven years and assessed a $1000.00 fine. The State filed a motion to revoke Maza's community supervision on September 20, 2013. At the revocation hearing, after Maza pleaded true to all of the alleged violations, the trial court found all allegations to be true, adjudicated Maza's guilt, revoked his community supervision, and assessed punishment at confinement for thirty-five years in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.32(a) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years."). The trial court also assessed attorney's fees of $1600.00 against Maza. This appeal followed.

## II. CRUEL AND UNUSUAL PUNISHMENT

By his first issue, Maza contends "the punishment in this case violates the Eighth Amendment of the United States' Constitution's prohibition for cruel and unusual punishment." *See* U.S. CONST. amends. VIII, XIV. The State contends, among other things, that Maza waived this issue because he did not raise a proper objection in the trial

---

[1] As this is a memorandum opinion and the parties are familiar with the facts and all issues of law presented by this case are well settled, we will not recite the facts or the law here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

court. We agree with the State.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *Id.* amend. VIII. This right can be waived if a defendant fails to object to his sentence on this basis at the trial court. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see* TEX. R. APP. P. 33.1(a)(1). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a). Here, Maza did not object when the trial court pronounced his sentence and did not raise the issue in a motion for new trial or any other post-trial motion.

Nonetheless, Maza urges this Court "to allow an Eighth Amendment [c]laim to be raised for the first time on appeal despite lack of objection at trial." He argues that "[t]he novel constitutional claim being raised in this appeal is that an appellant be allowed to raise a claim under the Eighth Amendment and Article 1 Section 13 for the first time on appeal similar to a sufficiency of the evidence argument." *See, e.g., Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) ("A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so."). Maza relies on *Reed v. Ross*, which describes a novel constitutional claim as being one "so novel that its legal basis [was] not reasonably available to counsel." 468 U.S. 1,

3

15–16 (1984). But Maza has not presented any legal basis that was "not reasonably available to counsel" such that he had cause for failing to object at his sentencing, *see id.*, and we find none. We do not consider this issue novel.

The court of criminal appeals has concluded that the Eighth Amendment's prohibition of cruel and unusual punishment can be waived if an objection is not made on that basis in the trial court. *See, e.g.*, *Rhoades*, 934 S.W.3d at 120; *Smith*, 721 S.W.2d at 855. Maza had the benefit of these decisions, and many others, addressing preservation of his constitutional argument. And, substantively, "[t]he decision of what particular punishment to assess within the statutorily prescribed range for a given offense is a normative, discretionary function." *Barrow v. State*, 207 S.W.3d 377, 379–81 (Tex. Crim. App. 2006). A sentence within the legislatively prescribed range "is not subject to a sufficiency of the evidence review on appeal," which is contrary to what Maza appears to be arguing. *Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.) (citing *Barrow*, 207 S.W.3d at 381; *Garcia v. State*, 166 Tex. Crim. 482, 316 S.W.2d 734, 735 (1958) ("[I]f the punishment is within that prescribed by the statute it is beyond the province of this Court to pass on the question as to whether the evidence is sufficient to support a punishment greater than the minimum.")).

Maza also asserts that we should review this issue because courts have "recognized in the past that the Eighth Amendment violations may be raised for the first time on appeal." In support of this argument, Maza relies on *Garza v. State* and *Ex parte Maxwell*. *See Garza*, 435 S.W.3d 258, 263 (Tex. Crim. App. 2014); *Maxwell*, 424 S.W.3d 66, 75 (Tex. Crim. App. 2014). But this authority does not support Maza's position.

In *Garza*, the Texas Court of Criminal Appeals set out the following:

> Garza contested the imposition of his life-without-parole sentence arguing that, because he was a juvenile, the sentence violated his Eighth Amendment rights as defined by the United States Supreme Court's decision in *Miller v. Alabama*.[2]  The Fourth Court of Appeals refused to review his claim and held that, by failing to lodge an objection in the trial court, Garza has forfeited this claim on appeal.  We reverse the court of appeals' decision because it conflicts with this Court's subsequently delivered opinion in *Ex parte Maxwell*.

*Garza*, 435 S.W.3d at 259.   And in *Maxwell*, "the majority granted Maxwell habeas corpus relief by vacating his life-without-parole sentence [for a crime he committed as a juvenile] and remanding the case for further sentencing proceedings permitting the factfinder to determine whether Maxwell's sentence should be assessed at life with or without parole."  *Id.* at 261 (citing *Maxwell*, 424 S.W.3d at 76).  "[B]y reaching the merits of Maxwell's claim [that was not raised in the trial court], the *Maxwell* majority held, perforce, that Maxwell's *Miller* claim was not subject to procedural default."  *Id.* at 262 (interpreting its *Maxwell* holding that applied the *Miller* rule retroactively).

The cases relied on by Maza address "procedural default" by juveniles sentenced to life without parole in violation of their Eighth Amendment rights as defined by *Miller*.  They do not address an adult offender challenging the constitutionality of a sentence that is within the statutory range of punishment.   Therefore, *Miller* and *Maxwell* do not support Maza's contention that he may assert his constitutional claim for the first time on appeal.

We are not persuaded by Maza's arguments or his authority.   Our analysis must follow the precedent of the Texas Court of Criminal Appeals and this Court.   *See*

---

**2** In *Miller v. Alabama*, "the Supreme Court held that a mandatory 'life without parole' sentence for a defendant who was under the age of 18 at the time of his crime violates the Eighth Amendment's prohibition on cruel and unusual punishment."   *Ex parte Maxwell*, 424 S.W.3d 66, 67 (Tex. Crim. App. 2014) (citing *Miller*, ___ U.S. ___, 132 S.Ct. 2455, 2460, 2464 (2012)).

*Resendez v. State*, 160 S.W.3d 181, 187 (Tex. App.—Corpus Christi 2005, no pet.) ("Stare decisis dictates that we adhere to precedent and not disturb a settled principle of law except upon the most urgent of reasons."); *see also State v. DeLay,* 208 S.W.3d 603, 607 (Tex. App.—Austin 2006) ("As an intermediate appellate court, we lack the authority to overrule an opinion of the court of criminal appeals."), *aff'd sub nom. State v. Colyandro,* 233 S.W.3d 870 (Tex. Crim. App. 2007). Because Maza did not object in the trial court, he has not preserved this issue for our review. *See Rhoades*, 934 S.W.2d at 120; *Noland*, 284 S.W.3d 151–52; *Trevino*, 174 S.W.3d at 927–28; *see also* TEX. R. APP. P. 33.1(a). We overrule Maza's first issue.

### III.    ASSESSMENT OF ATTORNEY'S FEES AGAINST MAZA

Maza argues, by his second issue, that the trial court abused its discretion when it assessed attorney's fees against him, an indigent offender. Although the record does not reflect an express finding of Maza's indigence, the trial court appointed counsel to represent him. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West, Westlaw through 2013 3d C.S.).

Article 26.05(g) of the code of criminal procedure provides trial courts with discretionary authority to order reimbursement of appointed attorney's fees when the "defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided[.]" *See id.* art. 26.05(g) (West, Westlaw through 2013 3d C.S.). Before doing so, however, the trial court must hear evidence and determine whether a material change in the defendant's financial circumstances has occurred since his initial declaration of indigence. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). The trial court made no such determination in this case. *See id.*

6

In the absence of evidence demonstrating Maza's financial resources to offset the costs of legal services, the State concedes, and we agree, that the trial court erred in assessing attorney's fees against Maza, who presumably remained indigent. *See id.* We sustain Maza's second issue.

## IV. CONCLUSION

We modify the trial court's judgment to delete the $1600.00 in attorney's fees assessed against Maza. We affirm the trial court's judgment as modified. *See* TEX. R. APP. P. 43.2(b).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of June, 2015.

7